UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Maxim Group, Inc.,
Plaintiff,

Court File No. 01-CV-226 JMR/JGL

v.

**STIPULATED ORDER**

Todd White and Cybrix Corporation,

Defendants

---

The Court, having been advised that the parties have entered into a Settlement Agreement and Release of Claims and the parties having stipulated to the Order set forth below, and otherwise being duly advised in the premises,

**IT IS HEREBY ORDERED** that:

1. White shall not approach, contact or solicit any customer or prospective customer for the purpose of placing temporary or permanent computer and information technology ("IT") personnel with responsibility for designing, developing, maintaining, testing or analyzing business applications -- which specifically does not include network administration, network security, internet security, information security, systems programming, and systems architecture -- until September 10, 2001.

2. White shall not participate, directly or indirectly, in any sales efforts relating to the placement of temporary or permanent computer and IT personnel as described in paragraph 1 of this Stipulated Order until September 10, 2001. In the event that anyone initiates contact with White regarding such a placement, White shall either indicate that he cannot assist the person or

FILED FEB 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

refer the person to someone else and shall have no involvement in any efforts by Cybrix Corporation ("Cybrix") or any other company that he is employed by or affiliated with to place personnel with the requesting company or individual.

3. White shall not approach, contact or solicit any of the following companies for any purpose until September 10, 2001: Allianz—Life USA, Healtheon--Web MD, Prudential, Medtronic, Computer Network Technology, eBenX, Hartford Life, Great River Energy, Damark, United Health Group (Optum), RFC--GMAC, and Wam!net.

4. Defendant White shall not participate, directly or indirectly, in any sales efforts relating to the placement of temporary or permanent computer and IT personnel with the companies outlined in paragraph 3 until September 10, 2001. In the event that anyone employed by or acting on behalf of one of these companies initiates contact with White regarding such a placement, White shall either indicate that he cannot assist the person or refer the person to someone else and shall have no involvement in any efforts by Cybrix or any other company that he is employed by or affiliated with to place personnel with the requesting company or individual.

5. White shall not, until September 10, 2001, approach, contact or solicit, or participate, directly or indirectly in any sales efforts with Xcel, SuperValu or Carlson Companies relating to the placement of temporary or permanent computer and IT personnel, with the exception of personnel engaged in the following areas: network administration, network security, internet security, information security, systems programming, and systems architecture. In the event that anyone employed by or acting on behalf of one of these companies initiates contact with White regarding a placement of personnel other than those permitted by this paragraph, White shall either indicate that he cannot assist the person or refer the person to someone else

and shall have no involvement in any efforts by Cybrix or any other company that he is employed by or affiliated with to place personnel with the requesting company or individual. Until September 10, 2001, White shall limit his contacts with Xcel, SuperValu and Carlson Companies to the following persons (or persons who have replaced them and hold the same title or perform the same function), or their subordinates: Xcel (Roberta Thompson, Director or Manager of New Technology), SuperValu (Rosemary Rowe, Director of Information Security), and Carlson Companies (Mark Hartmann, Director of Information Security).

6. Nothing in this Stipulated Order is to be taken as an admission by White or Cybrix that they have engaged in any wrongdoing, or an admission of any facts upon which liability could be based.

7. This Stipulated Order does not represent any judicial finding or determination of wrongdoing on the part of White or Cybrix.

~~8. The Court shall retain jurisdiction over the parties and over the subject matter of this action in order to ensure compliance with the terms of this Order.~~ JMR 2/23/01

BY THE COURT:

Dated: February 23rd, 2001

Hon. James M. Rosenbaum
United States District Court Judge